UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:08-CV-131-DCK

| | |
|---|---|
| RAYMOND HANSEN and ) | |
| LOUANN HANSEN, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | ORDER |
| FREEDOM MOBILITY, INC., and ) | |
| JM SMITH Corporation, d/b/a ) | |
| SMITH DRUG COMPANY, and ) | |
| SUNRISE MEDICAL, HHG, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Compel Discovery ... " (Document No. 20) filed by Raymond Hansen and Louann Hansen ("Plaintiffs"). Freedom Mobility, Inc. ("Freedom Mobility") opposes the motion and has filed objections. (Document Nos. 21, 25). The parties have stipulated to Magistrate Judge jurisdiction. Having fully considered the record, including the motion, briefs, and objections (Document Nos. 20, 21, 24, 25), the undersigned will **deny** in part and **grant** in part the motion for the following reasons:

This action concerns the Plaintiffs' use of a wheelchair purchased from Freedom Mobility. Plaintiffs contend that Raymond Hansen, who was rendered parapelegic after he caused an alcohol-related vehicle collision, has suffered various physical problems due to his use of an allegedly ill-fitting wheelchair. The Complaint asserts claims for negligence in designing and fitting the wheelchair, breach of express warranty, breach of implied warranty of merchantability, breach of

implied warranty of fitness for particular purpose, fraud,[1] and unfair trade practices. The parties seek resolution of a dispute over several requests for production of documents.

Specifically, Plaintiffs move the Court to compel Freedom Mobility to "provide accurate and meaningful responses to Plaintiff's First Request for Production Numbers 4, 7 and 8 and an Order which awards expenses, costs and attorneys fees incurred in the bringing of this Motion." (Document No. 20, p. 1). The Plaintiffs seek a copy of Freedom Mobility's insurance policy, Medicare enrollment application, and tax returns. (Document No. 24, p. 7).

Initially, the Court notes that Plaintiffs filed their motion to compel without a supporting memorandum, without citations to authority, and without developed explanation for the alleged basis for their requests. Freedom Mobility objects on the basis that Local Rule 7.1(C) requires a supporting memorandum to be filed. Freedom Mobility argues that, due to this deficiency, it must guess at the legal theory underlying Plaintiffs' demands. (Document No. 25, Objection). Plaintiffs then belatedly came forward with developed arguments and citations to authority *in a reply*. (Document No. 24). Initial arguments are not appropriately presented in a reply. LCvR 7.1(E) ("a reply brief should be limited to a discussion of matters newly raised in the response").

Turning to the discovery requests at issue, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and

---

[1] The Complaint alleges that the Defendants fraudulently represented to Plaintiffs that they were "capable of selling and fitting a Quickie GPV wheelchair." (Document No. 1-2, ¶ 35).

> location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(3)(B).

Rules 26 through 37 of the Federal Rules are interpreted liberally to allow very broad discovery. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964); *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). However, a party is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress an opposing party. Fed.R.Civ.P. 26(c). Whether to grant or deny a motion to compel discovery is left to the trial court's broad discretion. See *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988).

Plaintiffs' Request for Production of Documents No. 4 asks for "copies of each policy of all ...insurance ...which covered you at the time of the accident." (Document No. 20-3, p. 13). Of course, an "accident" is not at issue in this case. Freedom Mobility has repeatedly explained to Plaintiffs that it does have insurance coverage, but that its insurance policy does not cover the Plaintiff's allegations and is not relevant to this action. Freedom Mobility nonetheless provided a copy of its 2008-2009 commercial liability and umbrella insurance policy issued by General Casualty Insurance Company as part of its Supplemental Responses. (Document No. 20-6, pp. 9-41). Although Plaintiff now argues that it also wants additional information, such as "calculation worksheets," Freedom Mobility has provided the requested policy. Plaintiffs' request is moot.

Moreover, Freedom Mobility points out that the Plaintiffs are apparently seeking discovery on the theory that the Defendants purportedly lacked "insurance coverage" required by Medicare billing regulations. Freedom Mobility indicates that "[a]s Plaintiffs did not prepare a brief, Freedom Mobility can only assume that Plaintiffs are referring to the certification requirement found in 42 C.F.R. 424.57(c)(10)(2005) ("Failure to maintain required insurance at all times will result in revocation of the supplier's billing privileges retroactive to the date the insurance lapsed."). (Document No. 21, pp. 16-17). Contrary to Plaintiffs' reply arguments, the matter of insurance is not relevant to the claims and defenses in this action.[2] Failure to comply with regulations regarding billing or insurance might result in removal of Medicare billing privileges by the government, see 42 C.F.R. 424.57(c), but would not establish any tort or negligence liability here.

Next, in Request for Production of Documents No. 7, Plaintiffs ask for "[a] complete copy of any and all Medicare enrollment applications, including the Medicare enrollment application for a Durable Medical Equipment, Prosthetics, Orthotics and Supplies (DMEPOS) Suppliers." (Document No. 20-3, p. 14). Plaintiffs allege that "Medicare imposes certain requirements on entities which receive taxpayer money as payment" and that Freedom Mobility allegedly received Medicare payment in connection with the sale of Mr. Hansen's wheelchair.

---

[2] The discovery sought would also not lead to admissible evidence, as Rule 411 of the Federal Rules of Evidence prohibits parties from introducing evidence of insurance, or lack thereof, to show evidence of negligence or other wrongdoing. The Notes for Rule 411 indicate that "courts have with substantial unanimity rejected evidence of liability insurance for the purpose of proving fault," which is precisely what Plaintiffs are attempting to do. See 2 *Federal Evidence* § 4:75, "Relevancy and Its Limits," Christopher B. Mueller and Laird C. Kirkpatrick, (3d ed.) ("Proof of insurance coverage, or lack of it, is not admissible on the issue whether a party was negligent or guilty of other wrongful conduct ... there is no doubt that [this principle] applies in federal courts and generally in states across the land."). Plaintiffs do not mention Rule 411.

Freedom Mobility objects to Request No. 7 on the basis that it is "overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of relevant evidence." (*Id*., p. 15). Freedom Mobility points out that as pleaded in the Complaint, "the action will be determined by whether the manufacture, measuring, fitting, and design of the wheelchair obtained from the Defendants caused injury to the Plaintiffs, if so how, and in what amount." (Document No. 21, p. 12). However, the requested information could conceivably lead to admissible evidence regarding the entities' qualifications regarding the sales of wheelchairs, which might be relevant to Plaintiffs' fraud claim.

Finally, Plaintiffs' Request for Production of Documents No. 8 asks for "[a]ll federal and state income tax returns, with accompanying W-2 forms, of defendant for the preceding five tax years." (*Id*., p. 15). Freedom Mobility aptly points out that the allegations of the Complaint do not concern whether Defendants failed to carry insurance, pay taxes, or bill properly. In other words, this information is irrelevant to any claims or defenses. Rule 26(b)(1) of the Federal Rules of Civil Procedure sets limits on the scope of permissible discovery, and specifically provides that "…[p]arties may obtain discovery regarding any nonprivileged matter that is relevant *to any party's claim or defense*…" Fed. R. Civ. P. 26(b)(1) (emphasis added).

Although the Plaintiffs argue in their reply that their discovery requests seek information to pierce the corporate veil, the Complaint does not plead this theory. (Document No. 21, p. 8). Freedom Mobility asserts that the Plaintiffs are essentially seeking information in an effort "to collect a judgment which has yet to be rendered." Indeed, Plaintiffs indicate that if Freedom Mobility has "sufficient funds to pay any judgment in this case, then there is no need for Plaintiffs to pierce the corporate veil." (See Document No. 20, ¶ 7(c)).

**IT IS, THEREFORE, ORDERED** that:

1) Plaintiffs' "Motion to Compel" (Document No. 20) is **DENIED** as to Requests #4 and 8; Request #4 is moot; Freedom Mobility's objection to Request For Production of Documents No. 8 is **SUSTAINED**; and

2) Plaintiffs' "Motion to Compel" (Document No. 20) is **GRANTED** as to Request #7; Freedom Mobility's objection to Request No. 7 is **OVERRULED**; and

3) Plaintiffs' request for attorneys fees is **DENIED**; and

4) Defendants' "Objection to Plaintiff's Brief in Response..." (Document No. 25) is **SUSTAINED**; Defendants' request for attorneys fees is **DENIED**.

**IT IS SO ORDERED**.

Signed: November 10, 2009

David C. Keesler
United States Magistrate Judge